# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHEILA LAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-1212-JTM-DWB |
| | ) |
| THE BOARD OF TRUSTEES OF | ) |
| DODGE CITY COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion to Extend Time, requesting additional time to respond to Defendant's discovery requests (Doc. 16), and Defendant's response thereto (Doc. 21). Plaintiff did not file a reply and the time to do so has expired. D. Kan. Rule. 6.1(d)(1).

Also pending are Defendant's Motion to Compel interrogatory responses (Doc. 18)[1], Defendant's Motion to Compel responses to requests for production of

---

[1] Defendant voluntarily **withdrew** its Motion to Compel interrogatory responses (Doc. 18) after Plaintiff provided adequate responses. (Doc. 32.) That motion is therefore MOOT.

1

documents (Doc. 22), and Defendant's Supplemental Motion to Compel (Doc. 32). Plaintiff did not respond to Defendant's motions and the time to do so has expired. D. Kan. Rule. 6.1(d)(1). Having carefully reviewed the submissions of the parties, the Court is prepared to rule on the remaining motions.

## BACKGROUND

Plaintiff filed her Complaint against Defendant on July 15, 2008, alleging sex discrimination in the workplace. (Doc. 1.) Defendant, Plaintiff's employer, filed its Answer on August 5, 2008, generally denying Plaintiff's allegations. (Doc. 4.) Thereafter, Defendant served its first discovery requests, including the requests for production of documents, on Plaintiff on August 15, 2008 (Doc. 8), making Plaintiff's responses due on September 15, 2008.

Rather than file complete and timely responses, on September 5, 2008, Plaintiff simply filed objections to Defendant's Document Requests Nos. 1 and 9, claiming attorney-client privilege. (Doc. 23-3.) On September 18, 2008, when no additional responses were forthcoming, defense counsel sent a reminder to Plaintiff's counsel of the outstanding discovery requests. (Doc. 23-4.) Defense counsel sent additional correspondence that day explaining Defendant's position regarding the discovery requests and requesting a privilege log. (Doc. 23-6.)

On September 23, 2008, Plaintiff filed a Motion to Extend Time, requesting

until October 1, 2008, to respond to Defendant's discovery.  (Doc. 16.)  Although Plaintiff subsequently served actual responses to the document requests on October 1, 2008 (Doc. 26) – more than two weeks after their due date – the responses "did not indicate whether the responses were complete or whether documents were being withheld under the previously asserted claims of privilege."  (Doc. 32, at 1.)  Further, Plaintiff did not submit the requested privilege log regarding any potentially privileged documents.  (*Id.*)

According to defense counsel, during Plaintiff's deposition on October 31, 2008, she "revealed the existence of relevant documents within the scope of the requests that had been provided to her attorney but not produced and that could not be privileged."  (Doc. 32.)  Defense counsel does not provide the Court with relevant portions of Plaintiff's deposition transcript.  Plaintiff's counsel, however, chose not respond to Defendant's supplemental motion.  Thus, the Court will accept the assertions of defense counsel as true for the purposes of the outstanding motions.

## DISCUSSION

**A.    Plaintiff's Motion to Extend Time (Doc. 16)**

Plaintiff's Motion to Extend Time seeks and Order allowing her until October 1, 2008, to respond to Defendant's discovery requests.  As Defendant

correctly asserts, Plaintiff's motion should have been framed as a motion to respond out of time because the deadline to respond to the discovery had expired several days before the motion was filed. (Doc. 21, at 1; D. Kan. R. 6.1(a).)

A motion perform an act out of time, such as filing a motion, is controlled by Fed.R.Civ.P. 6(b)(1) and "requires a showing of excusable neglect." *Coleman v. Blue Cross Blue Shield of Kansas*, 487 F.Supp. 1225, 1234 (D.Kan. 2007).

> Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.

*Id*., at 1234-35.

Plaintiff's counsel states that responses "were dictated timely, but not timely typed due to staffing issues in the offices of plaintiff's counsel." (Doc. 16, at 1.) This, in the Court's opinion, strains the parameters of "excusable neglect." The Court anticipates that the law firm of Plaintiff's counsel has more than one clerical employee on staff. Further, the Court would surmise that Plaintiff's counsel, or an

associate attorney in his firm, would be capable of typing and printing the necessary responses.

That stated, there has been no showing by Defendant that the delayed responses have caused undue prejudice, nor is there any real concern that the delay, which was not lengthy, could have a noticeable impact on these judicial proceedings. Because Plaintiff served supplemental discovery responses (Docs. 25, 26) on October 1, 2008, while this motion was pending, the Court finds that Plaintiff's request should be **GRANTED**. Plaintiff, however, has waived the right to make any additional objections to this discovery that were not timely made.

**B.     Defendant's Motion to Compel (Doc. 22) and Supplemental Motion (Doc. 32).**

As previously stated, Plaintiff did not respond to any of Defendant's motions to compel and the time to do so has expired. "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4.

Even reviewing Defendant's motions on their substantive merits, the motions are facially valid. Defendant submitted document requests to Plaintiff in a timely manner. Plaintiff did not submit responses by the appropriate deadline, but merely provided objections to two of the document requests. Although responses

to the document requests were eventually filed, Plaintiff failed to indicate whether the responses were complete or whether privileged documents were being withheld.

Further, Plaintiff did not provide the requested privilege log.  The Federal Rules of Civil Procedure require the submission of a privilege log "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material..." Fed.R.Civ.P. 26(b)(5)(A).  The rule requires that the withholding party must "describe the nature of the documents . . . not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  *Id*., at subsection (b)(5)(A)(ii).

Defendant's motion (Doc. 22) and supplemental motion to compel (Doc. 32) are, therefore, unopposed and facially valid.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Time (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (Doc. 22) and Supplemental Motion to Compel (Doc. 32) are **GRANTED**.  Plaintiff shall serve supplemental discovery responses, providing all non-privileged responsive

documents without further objection, on Defendant on or before **December 12, 2008**.  These supplemental responses shall also clearly indicate whether or not Plaintiff's prior responses to Defendant's Requests for Production were complete.  Plaintiff shall also by that date submit a privilege log to Defendant that comports with the requirements of Fed.R.Civ.P. 26(b)(5).

**IT IS FURTHER ORDERED THAT** Defendant has withdrawn its Motion to Compel interrogatory responses (Doc. 18), and therefore that motion is MOOT.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 26th day of November, 2008.

   s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge