# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHEILA LAW,                                    )
                                               )
        Plaintiff,                       )
                                               )
vs.                                            )   Case No. 08-1212-JTM-DWB
                                               )
THE BOARD OF TRUSTEES OF                       )
DODGE CITY COMMUNITY COLLEGE,                  )
                                               )
        Defendant.                       )
                                               )

## **MEMORANDUM AND ORDER**

Before the Court is a Motion to Quash Subpoena Duces Tecum filed by Defendant and by witness Dean Beverly Temaat. (Doc. 76.) Plaintiff filed a response (Doc. 81) and the Court heard oral argument on the motion at the Final Pretrial Conference held by telephone on April 9, 2009. The Court issued an oral ruling on the motion at the pretrial conference so that the scheduled deposition of Dean Beverly Temaat could proceed on April 10, 2009 as previously scheduled. This written Memorandum and Order formalizes the Court's prior oral ruling.

## BACKGROUND

The Court entered its Scheduling Order in this case on September 11, 2008 (Doc. 12), which stated that "[a]ll discovery shall be commenced or served in time to be completed by **March 2, 2009.**" (Doc. 12 at 2.) On February 22, 2009, Defendant filed a motion to extend the discovery deadline to April 6, 2009. (Doc. 60.) The extension was requested to allow the scheduling of the deposition of a witness (Jim Perkins) who both parties wished to depose, but who had just been located and who was being treated for an illness that precluded his immediate deposition. (Doc. 60 at 1, ¶¶ 2-4.) Plaintiff's counsel had no objection to the motion. (Doc. 60 at 1, ¶ 8.)[1] The order granting the motion stated that "the deadline for completion of discovery is extended to April 6, 2009. All other dates and deadlines in the current Scheduling Order remain as previously set." (Doc. 61.)

On March 18, 2009, Plaintiff filed a motion for another extension of discovery through April 15, 2009, stating that Plaintiff had submitted Plaintiff's Fifth Request for Production of Documents to Defendant (which Plaintiff states should have been called her "Fourth" request) on Monday, March 16, 2009,

---

[1] In fact, it was Plaintiff, and not Defendant, who subsequently noticed Mr. Perkins' deposition. (Doc. 62.)

whereas under the terms of the Scheduling Order any such requests should have been served not later than March 9, 2009. (Doc. 66 at 2, ¶ 5.)[2] By Memorandum and Order of April 6, 2009, the Court denied Plaintiff's motion for a further extension of the discovery cutoff. (Doc. 75.)

On or about March 20, 2009, Plaintiff also served a deposition notice and subpoena duces tecum for the deposition of Dean Beverly Temaat to be taken on April 1, 2009. (Doc. 79.) Because of scheduling problems, the parties agreed that the deposition could be taken on April 10, 2009, but they disagreed about any production of the documents set out in the subpoena duces tecum. An amended notice to take Dean Temaat's deposition and an amended subpoena duces tecum was filed on March 31, 2009. (Doc. 74.) The documents covered by the subpoena duces tecum were set out in Exhibit A as follows:

> A copy of any and all records and documents in your possession regarding or relating to any investigation of any of the security guards who were employed by the defendant during the time that Sheila Law was employed by the defendant, including but not limited to, any incident statements, disciplinary records, investigative records, written statements, statements and comments from fellow employees, statements and comments from those who were or are students of Dodge City

---

[2] The court believes that any written discovery would have had to be served by March 6, 2009 in order to allow the full 30 day period for answers or responses, even if the provisions of Fed. R. Civ. P. 6(d) did not give the responding party an additional 3 days.

>Community College, and any other records regarding or relating to any investigation of any of the security guards who were employed by the defendant during the time that Sheila Law was employed by the defendant, whether such investigations occurred prior to or after the hiring of Jim Perkins as Director of Security.

(Doc. 81-2 at 2.) (The same exhibit was attached to both the initial and amended subpoena duces tecum).

On April 7, 2009, Defendant and Dean Temaat filed the present motion to quash the subpoena duces tecum, arguing that Plaintiff's use of the subpoena duces tecum was merely an attempt to obtain corporate records of Defendant which Plaintiff could not have obtained directly from the Defendant because the time for submitting any document requests under Fed. R. Civ. P. 34 had already expired pursuant to the provisions of the Court's scheduling order. (Doc. 75, 76.)

Plaintiff filed a response to the motion to quash on April 9, 2009, arguing that the deposition of Dean Beverly Temaat was a <u>non-party</u> deposition and that the subpoena duces tecum was not seeking documents through the use of Fed. R. Civ. P. 34. Plaintiff also argued that even if the Court determined that Defendant's arguments should be adopted, the Court could modify the subpoena duces tecum rather than simply quashing it.

## DISCUSSION

Clearly, had Plaintiff served a notice to depose the corporate defendant and accompanied that notice with the subpoena duces tecum, the Court would have easily concluded that the subpoena sought production of documents pursuant to Fed. R. Civ. P. 30(b)(2), which incorporates the provisions of Rule 34.  The Court would also have found that the attempt to obtain production of corporate documents in that manner was untimely because any document requests had to be served by March 6, 2009 under the deadlines set in the scheduling order.  *See* Carter v. U.S., 164 F.R.D. 131, 132-33 (D. Mass. 1995); Canal Barge Co. v. Commonwealth Edison Co., No. 98-C-0509, 2001 WL 817853 at * 5 (N.D. Ill., Jul. 19, 2001).

Here, however, Plaintiff did not seek a corporate deposition, but instead noticed the deposition of a non-party, high-level employee and served the subpoena duces tecum on that non-party.  Therefore, at least facially, the subpoena duces tecum is not seeking documents through the provisions of Rule 34.  *See* Carter v. U.S., 164 F.R.D. at 132 n. 1.  However, it is clear to the Court that Plaintiff is using the subpoena duces tecum on Dean Temaat to attempt to obtain production of defendant's documents by making an end run around the deadlines set in the scheduling order.  This conclusion is further supported by comparing the

documents sought by the subpoena duces tecum to the Plaintiff's Fifth Document Request which the Court has previously held was untimely served on Defendant. (Doc. 75 at 4-6.) If anything, the documents requested in the subpoena duces tecum are even broader in scope than those in the untimely document request. Moreover, as previously noted in the earlier order, Plaintiff has wholly failed to give any reason why the requested documents could not have been sought much earlier in the case. Nothing was done about these records, however, until after the original discovery deadline of March 2 had been extended and after the deadline for serving document requests had expired. Moreover, in the first motion to extend the discovery cutoff in order to take the deposition of a witness, Jim Perkins, no one advised the court that any other discovery was being contemplated during the extended discovery period.

     Because the Court has found that the subpoena duces tecum to Dean Temaat is merely a subterfuge to get around the time limits set in the scheduling order, the Court would be justified in quashing the subpoena duces tecum even though it appears that some of the requested documents may be relevant to the issues in this case. Also, because of the very broad scope of the documents identified in the subpoena duces tecum, and because of the timing of the subpoena and deposition in relation to the final pretrial conference, the Court agrees with Defendant and

Dean Temaat that production of the broad category of documents described in the subpoena duces tecum would constitute an undue burden on Dean Temaat.[3]  *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).  However, rather than quash the subpoena duces tecum, the Court will exercise its authority under Fed. R. Civ. P. 45(c)(3)(A), and modify the scope of the subpoena.

Accordingly, the Court will modify the documents to be produced by Dean Temaat pursuant to the amended subpoena duces tecum as follows:

> As to former security officers Daniel Pogue, Mike Rich, Kevin Bogner, Mel Law, Cory Kramer, and Rob Boyd: only that portion of their personnel files maintained by Dodge City Community College shall be produced that pertain directly to job performance reviews or disciplinary actions or investigations undertaken as to such employees during the time period beginning with the date that Plaintiff, Shelia Law was hired by Dodge City Community College and ending on the date that her employment was terminated.

The above-described documents are to be produced pursuant to the same conditions set out in the Stipulated Protective Order entered in this case (Doc. 58), and shall be treated as confidential documents to be used only for the purposes of

---

[3] As the Court has previously noted, the documents Plaintiff seeks are not Dean Temaat's documents, but are the documents and records of the corporate defendant, Dodge City Community College.  As the person responsible for all security officers employed by the College, however, it appears that the requested documents may be considered to be in Dean Temaat's possession.  The Court clarifies, however, that the correct way to obtain these documents would be by a subpoena on the College itself.

this case, shall not be released by Plaintiff or Plaintiff's counsel to any other person or entity, and all copies of the records are to be returned to Defendant at the conclusion of the case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Subpoena Duces Tecum  (Doc. 76) is **DENIED in PART and GRANTED in PART** all as set out in this Memorandum and Order.

Dated at Wichita, Kansas, on this 10th  day of April, 2009.

    s/   DONALD W. BOSTWICK
United States Magistrate Judge